## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD BERNARD MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05-CV-1988-SNL |
| | ) | |
| WELLS FARGO NORWEST BANK, NA, | ) | |
| TARKIO VOCATIONAL COLLEGE, | ) | |
| STATE OF MISSOURI, MISSOURI | ) | |
| DEPARTMENT OF HIGHER | ) | |
| EDUCATION, MATT BLUNT and | ) | |
| JEREMIAH NIXON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Harold Bernard Mason for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks monetary relief for alleged violations of his federally protected rights. Plaintiff claims that defendant Wells Fargo Norwest Bank ("Norwest") did not accede to his request to correct a file. Plaintiff asserts that, subsequently, defendant Missouri Department of Higher Education refused to address this violation with Norwest and defendant Tarkio Vocational College, thus depriving plaintiff of educational funding for the period 1987-2002. Plaintiff alleges that this loss of educational advantage caused a loss of earning capacity for which he seeks restitution.

## Discussion

Even giving plaintiff's complaint the benefit of a liberal construction, it is frivolous. Moreover, plaintiff has previously filed similar complaints with this Court that have been dismissed as frivolous. *Mason v. Norwest Bank S. Dakota*, No. 4:98-cv-2130-SNL (E.D. Mo.), *aff'd*, 99-2369EMSL (8th Cir. June 28, 1999); *Mason v. Norwest Bank N.A.*, No. 4:97-cv-1314-SNL (E.D. Mo.), *aff'd*, No. 97-4281EMSL (8th Cir. Dec. 22, 1997); *Mason v. N.W. Bank N/A South Dakota*, No. 4:96-cv-196-SNL (E.D. Mo.), *aff'd*, No. 96-1900EMSL (8th Cir. Apr. 16, 1996); *Mason v. N.W. Bank N/A South Dakota*, No. 4:94-cv-1603-DDN (E.D. Mo.), *aff'd,* 94-3410 (8th Cir. Oct. 25, 1994); *Mason v. N.W. Bank N/A South Dakota*, No. 4:94-cv-548-SNL (E.D. Mo.).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.  *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 29th day of November, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**